IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JOHN MIDDLEMISS,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA and MONTANA SUPREME COURT,<br><br>Defendants. | CV 15-0088-H-DLC-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On October 15, 2015, Plaintiff John Middlemiss filed a Motion to Proceed in Forma Pauperis (Doc. 1) and a proposed Complaint (Doc. 2). The motion to proceed in forma pauperis will be granted. Pursuant to the *Rooker-Feldman* doctrine, this Court does not have jurisdiction to consider Mr. Middlemiss's claims. This is not a defect that could be cured by amendment. The Complaint should be dismissed.

## I. MOTION TO PROCEED IN FORMA PAUPERIS

Mr. Middlemiss has filed a Motion to Proceed in Forma Pauperis and submitted an account statement sufficient to make the showing required by 28

U.S.C. §1915(a). (Doc. 1.) The request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Because he is a prisoner, Mr. Middlemiss must pay the full amount of the $350.00 filing fee, but he may do so in installments. 28 U.S.C. § 1915(b)(1). The Court must first assess an initial partial filing fee of 20% of the greater of the average monthly deposits to Mr. Middlemiss's account or the average monthly balance for the six months immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Mr. Middlemiss submitted an account statement from the Montana State Prison showing deposits of $330.75 over the period of February 25, 2015, to August 26, 2015, for a six-month average of $55.13. Accordingly, he must pay an initial partial filing fee of $11.03 (20% of the six-month average). A separate order will direct Montana State Prison to collect the initial partial filing fee from Mr. Middlemiss's account and forward it to the Clerk of Court.

Thereafter, Mr. Middlemiss must make monthly payments of 20% of the preceding month's income credited to his prison account. The percentage is set by Congress and cannot be altered. 28 U.S.C. § 1915(b)(2). A separate order will direct Montana State Prison to forward payments from his account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. STATEMENT OF CASE

### A. Parties

Mr. Middlemiss is a state prisoner proceeding without counsel. He names the State of Montana and the Montana Supreme Court as Defendants. (Doc. 2.)

### B. Prior Criminal Proceedings

In 1998, Mr. Middlemiss was charged with fifteen felonies after he robbed a casino at gun point, fled police officers after ramming their vehicle, illegally entered two homes, assaulted the homeowners, and stole the homeowners' vehicles to elude capture. In September 1998, Mr. Middlemiss pleaded guilty to three counts of robbery, two counts of aggravated burglary, assault on a peace officer, and attempted escape in exchange for the dismissal of the remaining eight charges. The Eleventh Judicial District Court, Flathead County, sentenced Mr. Middlemiss to a term of 135 years with 40 years suspended at the Montana State Prison. He did not appeal his conviction. *Middlemiss v. Berkebile*, OP 15-0122, 348 P.3d 673 (Table) (Mont. March 10, 2015).

On February 25, 2015, Mr. Middlemiss filed a petition for writ of habeas corpus in the Montana Supreme Court seeking relief from what he alleged was a facially invalid sentence. The Montana Supreme Court noted that Mr. Middlemiss had presented the same claims in *Middlemiss v. State*, No. DA 13-0803, 346 P.3d

3

1135 (Table) (Mont. July 1, 2014). There, Mr. Middlemiss appealed from the Flathead County District Court's Order denying his Motion for Leave to Withdraw Guilty Plea, or in the alternative, Petition for Postconviction Relief. *Id*. at ¶ 2. The Montana Supreme Court affirmed the District Court, concluding that the petition for postconviction relief was untimely and that Mr. Middlemiss had presented no newly discovered evidence to surmount the tolling provision. *Id. at* ¶ 7. The Montana Supreme Court also decided that "Middlemiss has not presented any additional evidence supporting his ineffective assistance claim or his claim that his guilty plea was involuntary or coerced." *Id*. at ¶ 9. They also noted that "[h]is unsupported allegations, coupled with a nearly fifteen year filing delay, are insufficient to establish 'good cause' to withdraw his guilty plea." *Id. at* ¶ 9.

Ultimately, the Montana Supreme Court determined that Mr. Middlemiss could not relitigate these claims in a proceeding by way of habeas corpus. The Court denied the petition for writ of habeas corpus on March 10, 2015. *Middlemiss v. Berkebile*, OP 15-0122.

### C. Allegations

Mr. Middlemiss alleges he is not bringing his Complaint as a challenge to his conviction and sentence. Rather, he seeks declaratory and injunctive relief and asks this Court to find that his conviction and sentence are entitled to habeas

4

redress. He asks the Court to remand this case to the Montana Supreme Court with instructions to hear and determine the merits of his claims and assertions as presented in his petition for writ of habeas corpus in his Montana Supreme Court Case No. OP-15-0122 and to give the record-based facts and issues presented for review fair and rational consideration. (Complaint, Doc. 2.)

### III.  SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

#### A.  Standard

As Mr. Middlemiss is a prisoner proceeding in forma pauperis, the Court must screen his Complaint under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. These statutes require the Court to review a prisoner's complaint and dismiss it or portions thereof before it is served upon the defendants if it finds that the complaint is "frivolous," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune." A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A complaint must set forth "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* The complaint must

" 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*quoting Bell*, 550 U.S. at 555 (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957))).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson*, 551 U.S. at 94; *cf*. Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

**B. Analysis**

This Court does not have jurisdiction over Mr. Middlemiss's claims because he seeks to appeal the Montana Supreme Court's denial of his petition for writ of

habeas corpus. Federal district courts do not have appellate jurisdiction over state court judgments. *See* 28 U.S.C. § 1257; *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). The *Rooker–Feldman* doctrine forbids a losing party in state court from filing suit in federal district court complaining of an injury caused by a state court judgment and seeking federal court review and rejection of that judgment. *Skinner v. Switzer*, 562 U.S. 521, 531 (2011).[1] This jurisdictional bar extends to actions that are de facto appeals from state court judgments in that the federal claims "are inextricably intertwined with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008).

The *Rooker–Feldman* doctrine precludes federal subject matter jurisdiction over claims involving state court judgments when four factors are met. First, the plaintiff must have lost in the state court. Second, the state court judgment must have been rendered before the plaintiff filed the federal claim. Third, the plaintiff must complain of injuries caused by the state court judgment. Finally, the plaintiff's complaint must invite the district court to review and reject the judgment

---

[1] The *Rooker–Feldman* doctrine derives its name from two United States Supreme Court cases: *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923).

of the state court. *Exxon Mobil Corp.*, 544 U.S. at 284.

Here the Montana Supreme Court denied Mr. Middlemiss's petition for writ of habeas corpus in March 2015. He filed this action in October 2015. Mr. Middlemiss complains that he was injured because the state court did not hear the merits of his petition for writ of habeas corpus, and he asks this Court to review that judgment and order the Montana Supreme Court to hear his petition. This Court does not have jurisdiction to review that decision. Mr. Middlemiss's claims are barred by the *Rooker-Feldman* doctrine.

In addition, the State of Montana is entitled to Eleventh Amendment immunity and cannot be sued in federal court absent a valid abrogation of immunity by Congress or an express waiver of immunity by the State. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267–268 (1997); *Edelman v. Jordan*, 415 U.S. 651, 653 (1974); *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993).

Moreover, the Justices of the Montana Supreme Court are entitled to judicial immunity. *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967). Mr. Middlemiss argues that "judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity." (Complaint, Doc. 2 at 2, citing *Pulliam v. Allen*, 466 U.S. 522, 541 (1984)). However, Congress effectively

abrogated *Pulliam* by enacting the Federal Courts Improvement Act of 1996, which amended 42 U.S.C. § 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable" *Federal Courts Improvement Act of 1996*, Pub.L. No. 104–317, § 309(c), 110 Stat. 3847.

Mr. Middlemiss does not allege that a declaratory decree was ever entered or that declaratory relief was unavailable. In fact, declaratory relief against a judge's order is generally available by appealing the judge's order through the proper channels. Thus, the Court rejects Mr. Middlemiss's argument that *Pulliam* and the cases following *Pulliam* allow this action to proceed against Defendants.

## IV. CONCLUSION

Pursuant to the *Rooker-Feldman* doctrine, this Court does not have jurisdiction to review the decision of the Montana Supreme Court to deny Mr. Middlemiss's petition for writ of habeas corpus. This is not a defect that could be cured by amendment. The Complaint should be dismissed.

### "Strike" under 28 U.S.C. §1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal

9

court that were dismissed for frivolousness, maliciousness, or failure to state a claim. 28 U.S.C. §1915(g). Mr. Middlemiss's claims are frivolous, and the Court finds that the filing of this action is malicious in light of Mr. Middlemiss's filing history in the Montana Supreme Court. The issues he raises have been definitively decided in state court. The filing of this case with similar frivolous allegations is malicious. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious).

The dismissal of this case should constitute a strike under 28 U.S.C. §1915(g).

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Mr. Middlemiss's Motion for Leave to Proceed in forma pauperis (Doc. 1) is **GRANTED**. The Clerk of Court shall waive prepayment of the filing fee.

2. The Clerk shall edit the text of the docket entry for the Complaint to remove the word "LODGED" and the Complaint is deemed filed on October 15, 2015.

3. At all times during the pendency of this action, Mr. Middlemiss must immediately advise the Court of any change of address and its effective date.

Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

1. Mr. Middlemiss's Complaint (Doc. 2) should be **DISMISSED**. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

3. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Mr. Middlemiss's claims are frivolous and malicious.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Middlemiss may file objections to these Findings and Recommendations

within fourteen (14) days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed until entry of the District Court's final judgment.

DATED this 23rd day of October, 2015.

       */s/ John Johnston*
John Johnston
United States Magistrate Judge

---

[2] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.