IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JOHN MIDDLEMISS,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA and MONTANA SUPREME COURT,<br><br>Defendants. | CV 15-88-H-DLC-JTJ<br><br>ORDER |

United States Magistrate Judge John T. Johnston entered an order, findings, and recommendations in this case on October 23, 2015, granting Plaintiff John Middlemiss's ("Middlemiss") motion to proceed *in forma pauperis*, but recommending that his Complaint be dismissed for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. On November 9, 2015, Middlemiss filed objections to the findings and recommendations, and so is entitled to de novo review of those findings and recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir.

1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). "Clear error exists if the Court is left with a definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). For the reasons explained below, the Court adopts Judge Johnston's findings and recommendations in full.

The foundation for this action against the State of Montana and the Montana Supreme Court is a state habeas corpus petition filed by Middlemiss in February 2015, and denied by the Montana Supreme Court in March 2015. In his state petition, Middlemiss alleged that both the judgment against him and his sentence were illegal because the crimes to which he plead guilty were predicated on overlapping conduct, and therefore constituted double jeopardy. The Montana Supreme Court denied the petition on procedural grounds, holding that a "writ of habeas corpus is not available to attack the sentence of a person who has been adjudged guilty of an offense and has failed to appeal or has exhausted the remedy of appeal." *Middlemiss v. Berkebile*, No. OP 15-0122, slip op. at 2 (Mont. Mar. 10, 2015) (citations omitted). In the instant federal action, pursuant to 42 U.S.C. § 1983, Middlemiss seeks a declaration that his constitutional rights were violated by the Montana Supreme Court's disposition of his state petition, and a remand of the petition to the court for reconsideration.

Judge Johnston found Middlemiss's action barred by the *Rooker-Feldman* doctrine, which precludes a federal district court's assumption of subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Judge Johnston further found that both defendants are immune from suit: the State of Montana pursuant to the Eleventh Amendment, and the justices of the Montana Supreme Court pursuant to judicial immunity principles.

Middlemiss objects to Judge Johnston's findings and recommendations on multiple fronts, including that Judge Johnston: (1) omitted the "facts" that Middlemiss was "completely abandoned by counsel . . . for purposes of direct appeal" and that criminal procedure in Montana fosters "extreme double jeopardy violations" (Doc. 6 at 2); (2) failed to recognize that the Montana Supreme Court's decision in *Lott v. State*, 150 P.3d 337 (Mont. 2006), provides that "habeas redress can 'NEVER' be suspended or time barred" (Doc. 6 at 3); (3) erroneously applied the *Rooker-Feldman* doctrine; and (4) erroneously declared the justices of the Montana Supreme Court immune from suit. However, none of Middlemiss's objections change the fact that at bottom, Middlemiss seeks from this Court

exactly what *Rooker-Feldman* doctrine precludes – "exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008). "A federal action constitutes such a de facto appeal where claims raised in the federal court action are inextricably intertwined with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Id.* (citations and internal quotation marks omitted). Such is the case here.

Finding no clear error in the remainder of Judge Johnston's findings and recommendations,

IT IS ORDERED that Judge Johnston's findings and recommendations (Doc. 4) are ADOPTED IN FULL. Middlemiss's Complaint (Doc. 2) is DISMISSED. The Clerk of Court shall CLOSE this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that the Clerk of Court shall have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain that Middlemiss's Complaint is frivolous, as it lacks arguable substance in law or fact.

IT IS FURTHER ORDERED that the Clerk of Court shall have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

DATED this 5th day of January, 2016.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court